**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VERONICA HERNANDEZ, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0110-SCJ-JFK-2 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:15-CV-0969-SCJ-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [83] and Respondent's response [104]. For reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be denied.

**I.   Background**

The grand jury for the Northern District of Georgia charged Movant on three counts: (1) conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), (viii); (2) methamphetamine distribution; and (3) cocaine distribution. (Indictment, ECF No. 7). Movant pleaded guilty to the conspiracy count. (Guilty Plea and Plea Agreement, ECF No. 48-1). Therein, Movant agreed (1) that she

was subject to a maximum term of life imprisonment and a mandatory minimum term of ten years, (2) that the Court could impose a sentence of up to the maximum of life, and (3) that no one could predict at that time the actual sentence she would receive. (Id. at 3). Movant signed the plea agreement and stated that she had read it and carefully reviewed every part of it with her attorney. (Id. at 15). Movant stated that no one had threatened or forced her to plead guilty and that no promises or inducement had been made to her other than those in the plea agreement. (Id.).

Movant appeared before the Court and, being duly sworn, informed the Court that she had not had any problem reviewing the plea agreement with her attorney. (Plea Tr. at 4, ECF No. 95). When the Court asked Movant whether anyone had made any promises to her other than those in the plea agreement or whether anyone had made a promise as to what her actual sentence would be, Movant stated "No" to both questions. (Id. at 11). When the Court asked Movant's counsel whether she had made any promise to Movant in regard to a particular sentence, counsel stated, "No, Your Honor." (Id.). Movant was again informed that the maximum term of imprisonment was life and that the mandatory minimum term was ten years. (Id. at 15). When the Court asked Movant whether she understood the maximum and minimum penalties to which she was exposed, Movant stated that she understood. (Id. at 16). The Court

2

discussed the Sentencing Guidelines and asked Movant whether she understood that it was not possible to determine the guidelines range until after the presentence report was completed, and Movant stated, "Okay." (Id. at 17). The Court determined – "I . . . find that there has been no promise of any kind made to [Movant] by anyone, except as incorporated in the plea agreement set out in open court." (Id. at 23). The Court accepted Movant's guilty plea. (Id.).

At sentencing, the Court asked Movant whether she had reviewed the presentence report with counsel, and Movant stated, "Yes." (Sentencing Tr. at 2, ECF No. 94). The Court found that Movant's guidelines range was 151-81 months and that the applicable statutory penalty was, as previously stated, a mandatory minimum of ten years and an maximum of life. (Id. at 37-38). The Court imposed a 151-month term of imprisonment based on the nature and circumstances of the case, the seriousness of the offense, and the amount of drugs involved. (Id. at 49). Judgment was entered on October 7, 2014. (J., ECF No. 64). Movant did not file a direct appeal.

In April 2015, Movant filed her § 2255 motion in which she asserts that she received ineffective assistance when counsel (1) erroneously told her, when she signed

3

the plea agreement, that she would receive a two-year sentence;[1] (2) erroneously told her that her guidelines sentence would be two or less years; and (3) failed to make sure that Movant saw her presentence investigation report and received correct sentencing information.[2] (Mot. to Vacate at 6, 8, ECF No. 83).

Respondent argues that Movant's claims fail because they are procedurally defaulted and because they otherwise fail on the merits. (Resp't Resp. at 2-18, ECF No. 104).

## II.   28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence

---

[1] Movant also states, without explanation, "I never saw the paperwork." (Mot. to Vacate at 6).

[2] Movant states that English is not her first language. (Mot. to Vacate at 6). An interpreter was present at the plea hearing. (Minute Entry, ECF No. 48). Additionally, at the plea hearing, the Court asked Movant, "If you do not understand any of my questions, please say so since its essential to a valid plea that you understand each question that I ask you. Would you agree to do that?" (Plea Tr. at 4). Movant responded, "Yes." (Id.) Movant, at no point, informed the Court that she did not understand the proceedings. Further, an interpreter was present for sentencing. (Sentencing Tr. at 2). The issue of Movant's language adds nothing that changes the recommendation in this case.

authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," United States v. Frady, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (2015), cert. denied, _ U.S. _, 136 S. Ct. 267 (2015).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted). (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts). A constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts. Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"

5

Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

### III. Discussion

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a movant must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Strickland, 466 U.S. at 690-92. To succeed on a claim that a guilty plea was obtained in violation of the Sixth Amendment right to counsel, a movant must show that "(1) counsel's advice was deficient; and (2) 'but for counsel's errors, [there is a reasonable probability that] he would not have pleaded guilty and would have insisted on going to trial.'" Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218, 1229 (11th Cir. 2015) (quoting Hill v. Lockhart, 474 U.S. 52, 58-59 (1985)), cert. denied, _ U.S. _, 136 S. Ct. 798 (2016). In considering the validity of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong

6

presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74; see also Connolly v. United States, 568 F. App'x 770, 771 (11th Cir. 2014) (same).

The Court construes Movant to claim (1) that her guilty plea was involuntary because counsel erroneously told her that she would receive a two-year sentence and (2) that counsel was ineffective at sentencing for failing to make sure that Movant saw her presentence investigation report and received correct sentencing information. Movant's claims are affirmatively contradicted by the record, as set forth above. Movant was well aware that she faced more than two years – a minimum of ten years and up to life – and affirmed in her plea agreement and to the Court that no one had made her any promises other than those in the plea agreement. Further, Movant affirmed to the Court that she had reviewed the presentence investigation report with counsel, and Movant does not identify any sentencing information or other paperwork that, had she received it, would have had a reasonable chance of changing the outcome. Movant fails to carry her burden of showing that she is entitled to collateral relief.

7

**IV.   Certificate of Appealability (COA)**

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), cert. denied, _ U.S. _, 136 S. Ct. 324 (2015).

It is recommended that a COA is unwarranted because it is not debatable that Movant's claims are affirmatively contradicted by the record.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

8

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [83] to vacate, set aside, or correct her federal sentence be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED** this 23rd day of March, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)