**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VERONICA HERNANDEZ, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0110-SCJ-JFK-2 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:16-CV-2989-SCJ-JFK |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Movant, Veronica Hernandez, has filed a second 28 U.S.C. § 2255 motion [158]

that challenges her sentence entered in this District under the above criminal docket

number.  The matter is before the Court for preliminary review under Rule 4(b), which

requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly

appears from the motion, any attached exhibits, and the record of prior proceedings

that the moving party is not entitled to relief in the district court[.]"  Rules Governing

Section 2255 Proceedings, Rule 4(b).  For the reasons discussed below, Movant's

second motion is construed as a motion to amend, which should be denied.

**I.  Discussion**

The grand jury for the Northern District of Georgia charged Movant on three

counts: (1) conspiracy to distribute a controlled substance, in violation of 21 U.S.C.

AO 72A
(Rev.8/82)

§§ 846 and 841(b)(1)(A)(ii), (viii); (2) methamphetamine distribution; and (3) cocaine distribution. (Indictment, ECF No. 7). Movant pleaded guilty to the conspiracy count, for which she was subject to a maximum term of life. (See J., ECF No. 64; R&R at 2, ECF No. 149). By judgment entered on October 7, 2014, the Court imposed on Movant a 151-month term of imprisonment. (J.). The record does not show that Movant directly appealed. On April 1, 2015, Movant filed a motion under 18 U.S.C. § 3582 to reduce her sentence based on the Sentencing Guidelines Amendment 782. (Mot. to Reduce, ECF No. 84). That motion remains pending.

On April 2, 2015, Movant filed her first § 2255 motion in which she claimed that she received ineffective assistance when counsel (1) erroneously told her, when she signed the plea agreement, that she would receive a two-year sentence; (2) erroneously told her that her guidelines sentence would be two or less years; and (3) failed to make sure that Movant saw her presentence investigation report and received correct sentencing information. (Mot. to Vacate at 6, 8, ECF No. 83). The Magistrate recommended that Movant's claims failed, and the R&R currently is pending before the Court. (R&R at 7).

In her second § 2255 motion, Movant asserts that she is entitled to a two-level role reduction based on the November 15, 2015, sentencing guidelines amendment that

2

amended the commentary to U.S.S.G. § 3B1.2.[1] (Second Mot. to Vacate at 2-3, ECF No. 158). Movant asserts that, based on the amendment date, she may seek relief based on § 3B1.2 through November 1, 2016. (Id. at 3).

Because Movant's initial § 2255 motion remains pending, the undersigned construes the second § 2255 motion as a motion to amend. See United States v. Terrell, 141 F. App'x 849, 851 (11th Cir. 2005) (indicating that when initial § 2255 motion and subsequent § 2255 motion are before the district court at the same time, the subsequent motion should be construed as a motion to amend). Proposed amended claims to a § 2255 motion are subject to a one-year limitations period. Davenport v.

---

[1]Amendment 794, a clarifying amendment to the commentary to § 3B1.2, provided a non-exhaustive list of factors to be considered for a minor- or minimal-participant role reduction. See U.S.S.G. 3B1.2, Application Notes 3.(C); United States v. Casas, 632 F. App'x 1003, 1004 (11th Cir. 2015) (discussing Amendment 794 as a clarifying amendment); United States v. Trintidia, No. CIV-16-944-D, 2016 WL 4468263, at *1 (W.D. Okla. Aug. 24, 2016) (discussing Amendment 794).

Generally, a request for a sentence reduction based on a guidelines amendment should be brought under 18 U.S.C. § 3582(c)(2). See United States v. Armstrong, 347 F.3d 905, 907 (11th Cir. 2003) (discussing § 3582(c)(2)). The Court does not construe this action as being brought under § 3582 for two reasons. Movant is aware of § 3582 and nonetheless chose to bring this action under § 2255. (See Mot. to Reduce; Second Mot. to Amend). Further, amendment 794 is not listed as a covered amendment in U.S.S.G § 1B1.10(d) and, thus, a reduction would be against the guidelines policy statement on guidelines-amendment reductions. See United States v. Garcia, No. CR-98-2073-FVS, 2016 WL 4521690, at *2 (E.D. Wash. Aug. 29, 2016).

AO 72A
(Rev.8/82)

United States, 217 F.3d 1341, 1343 (11th Cir. 2000).  A proposed amendment is barred

unless it is timely filed or unless it relates back to a timely filed claim.  Id. at 1344.  For

the reasons discussed below, Movant's construed motion to amend should be denied

because it is not timely and because it does not relate back to Movant's timely filed

initial motion to vacate.

A § 2255 motion is subject to a one-year statute of limitations that runs from the

latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by
governmental action in violation of the Constitution or laws of the United
States is removed, if the movant was prevented from making a motion by
such governmental action;

(3) the date on which the right asserted was initially recognized by the
Supreme Court, if that right has been newly recognized by the Supreme
Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented
could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The one-year statute of limitations is subject to equitable tolling

if the petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way and prevented timely filing."  San

Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (quoting Holland v. Florida,

560 U.S. 631, 649 (2010)) (internal quotation marks omitted).  In addition, under the fundamental miscarriage of justice standard, actual innocence provides an exception to the limitations period, "but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'"  Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1933 (2013)); see also Berry v. United States, 468 F. App'x 924, 925 (11th Cir. 2012) ("[A]ctual innocence of the offense may be shown to satisfy the fundamental miscarriage of justice standard.").

Because Movant did not directly appeal, her federal conviction became final on October 21, 2014, fourteen days after the October 7, entry of judgment.  See Fed. R. App. P. 4(b)(1)(A).  Under § 2255(f)(1), Movant's § 2255 amended claim was due by October 21, 2015, and her August 9, 2016, construed motion to amend is untimely by over nine months.  Section 2255(f)(2) is inapplicable because Movant alleges no unlawful government impediment that prevented her from filing her amended claim earlier.  Section 2255(f)(3) is unhelpful because Movant presents no right newly recognized by the United States Supreme Court.  Section 2255(f)(4) also is inapplicable because a guidelines amendment does not qualify as a supporting fact to a claim for relief.  See Madaio v. United States, 397 F. App'x 568, 570 (11th Cir.

2010) ("Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." (emphasis in original) (quoting § 2255(f)(4))); Thomas v. United States, No. 2:09-CR-00277-RDP-JE, 2014 WL 4715861, at *4 (N.D. Ala. Sept. 22, 2014) ("The limitations period of § 2255(f)(4) is triggered by the actual or imputed discovery of the important facts underlying a claim, not the defendant's recognition of the legal significance of those facts."); Seals v. United States, No. 08-CV-80, 2009 WL 1108482, at *2 (S.D. Ill. Apr. 24, 2009) (stating that a guidelines amendment is not a fact in that "[t]he Amendment is not 'subject to proof or disproof,' but is rather a substantive legal change" (citation not provided)).

Movant also does not show that she is entitled to equitable tolling. See United States v. Snyder, No. 1:99-CR-11, 2008 WL 370663, at *2 (N.D. Ind. Feb. 11, 2008) ("[The movant] cites no authority, and this court has found none to support the proposition that changes or amendments to existing sentencing guidelines constitutes an extraordinary circumstance thereby justifying equitable tolling[.]"). Movant also is not helped by the actual innocence exception. See Spencer v. United States, 773 F.3d 1132, 1139 (11th Cir. 2014) ("When a federal prisoner, sentenced below the

6

statutory maximum, complains of a sentencing error and does not prove either actual innocence of his crime or the vacatur of a prior conviction, the prisoner cannot satisfy the demanding standard that a sentencing error resulted in a complete miscarriage of justice."), cert. denied, _ U.S. _, 135 S. Ct. 2836 (2015).[2] Burke v. United States, 152 F.3d 1329, 1332 (11th Cir. 1998) (holding that challenge based on guidelines clarifying amendment did not show a complete miscarriage of justice and stating that "a claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice").

Further, Movant's attempted amendment is not saved by relation back. In order for an otherwise untimely claim to relate back, "the untimely claim must have arisen from the 'same set of facts' as the timely filed claim, not from separate conduct or a separate occurrence in 'both time and type.'" Davenport, 217 F.3d at 1344 (quoting United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000)). Movant's assertion that she is entitled to a minor-rule reduction based on guidelines Amendment 794 does not

---

[2] "[A]ny miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory. If the district court were to resentence [the movant], the district court could impose the same sentence again." Spencer, 773 F.3d at 1140. The court also could impose a longer sentence. Id.

AO 72A
(Rev.8/82)

arise from the same facts as her timely claims.  Movant's construed motion to amend must be denied as untimely.

## II.   Conclusion

Accordingly,

**IT IS ORDERED** that Movant's second § 2255 Motion to Vacate [158] is **CONSTRUED** as a motion to amend, and the Clerk of Court is **DIRECTED** to adjust the Court's docket to show Movant's second Motion to Vacate [158] as a motion to amend her initial Motion to Vacate [83] and administratively to close related civil action number 1:16-CV-2989-SCJ-JFK.

**IT IS RECOMMENDED** that Movant's construed motion to amend [158] be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of the second § 2255 Motion to Vacate to the undersigned Magistrate Judge.

**IT IS SO ORDERED**, **RECOMMENDED**, **and DIRECTED** this 19th day of September, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

8