**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| VERONICA HERNANDEZ, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0110-SCJ-JFK-2 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:15-CV-0969-SCJ-JFK |

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Movant's motion to vacate [83]; Magistrate Judge Janet F. King's Final Report and Recommendation ("March R&R") [149], which recommends denying the motion to vacate and a certificate of appealability; Movant's motion to amend [158]; Magistrate Judge Janet F. King's Final Report and Recommendation ("September R&R") [162], which recommends denying the motion to amend; and Movant's objections [165].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general

objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I. Discussion

Movant pleaded guilty to conspiracy to distribute a controlled substance.  (See March R&R at 1-2, ECF No. 149.)  By judgment entered on October 7, 2014, the Court imposed on Movant a 151-month term of imprisonment.  (See id. at 3.)  The record does not show that Movant directly appealed.  (Id.)

On April 2, 2015, Movant filed her § 2255 motion in which she claimed that she received ineffective assistance when counsel (1) erroneously told her, when she signed the plea agreement, that she would receive a two-year sentence; (2) erroneously told her that her guidelines sentence would be two or less years; and (3) failed to make sure that Movant saw her presentence investigation report and received correct sentencing

2

information. (Mot. to Vacate at 6, 8, ECF No. 83). The Magistrate recommends that Movant's claims fail. (March R&R at 7).

> The Court construes Movant to claim (1) that her guilty plea was involuntary because counsel erroneously told her that she would receive a two-year sentence and (2) that counsel was ineffective at sentencing for failing to make sure that Movant saw her presentence investigation report and received correct sentencing information. Movant's claims are affirmatively contradicted by the record . . . . Movant was well aware that she faced more than two years – a minimum of ten years and up to life – and affirmed in her plea agreement and to the Court that no one had made her any promises other than those in the plea agreement. Further, Movant affirmed to the Court that she had reviewed the presentence investigation report with counsel, and Movant does not identify any sentencing information or other paperwork that, had she received it, would have had a reasonable chance of changing the outcome. Movant fails to carry her burden of showing that she is entitled to collateral relief.

(Id.)

In her construed motion to amend, dated August 9, 2016, Movant sought to add a claim that she is entitled to a two-level role reduction based on the November 15, 2015, sentencing guidelines amendment 794, which amended the commentary to U.S.S.G. § 3B1.2.[1] (See September R&R at 2-3, ECF No. 162.) The Magistrate Judge

---

[1] Amendment 794, a clarifying amendment to the commentary to § 3B1.2, provided a non-exhaustive list of factors to be considered for a minor- or minimal-participant role reduction. See U.S.S.G. 3B1.2, Application Notes 3.(C); United States v. Casas, 632 F. App'x 1003, 1004 (11th Cir. 2015) (discussing Amendment 794).

3

recommends that the motion to amend be denied as it is untimely by over nine months and does not relate back to Movant's timely § 2255 motion. (Id. at 7-8.)

Movant does not object to the March R&R, and on review thereof, the Court finds no clear error. Movant objects to the September R&R in regard to her claim based on clarifying amendment 794. (Objections, ECF No. 165.) Movant, however, fails to identify any specific finding by the Magistrate Judge. Accordingly, the Court has reviewed the matter for clear error and finds none.

## II. Conclusion

Accordingly,

**IT IS ORDERED** that Movant's objections [165] are **OVERRULED**, that the March R&R [149] and the September R&R [162] are **ADOPTED** as the Orders of the Court, that Movant's motion to vacate [83] is **DENIED**, that Movant's motion to amend [158] is **DENIED**, and that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED**, this 13th day of December, 2016.

s/Steve C. Jones
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)